GEORGE W. THOMPSON, Adm'r v. B. Y. ROGERS.

A, as surviving partner of A and B, sold in 1863, certain cotton belonging to the firm, on a credit of six months, the purchase money to be paid when due in funds current at that time. C, also a partner of A in another business bought the cotton, giving A, the surviving partner, a note for the amount, to-wit: $5,681.20, which amount was paid to A when the note became due, whereupon A tendered to D the administrator of B, the deceased partner, one-half of the cotton money, to-wit: $2,840.60, which D refused to receive, and A funded the amount in Confederate 4 per cent. bonds, holding the bonds for D's benefit. In a suit by D against A for a settlement of the copartnership, and in which D seeks to charge A with the whole amount of cotton sale: *It was held*, that in a settlement of the copartnership, A should be allowed as a credit the amount funded in Confederate securities, which was lost, and that he should be charged by the firm with the one-half of the sale, $2,840.60, which he retained to his own use.

*Held further*, That A, the surviving partner had acted in good faith in a fiduciary character; the scale as applied to contracts generally does not apply in this case, A being responsible only for the value of of the Confederate money at the time he received it.

EXCEPTION to the report of a commissioner, stating an account, heard and determined by *Albertson, J.,* at the Spring Term, 1873, of WAKE Superior Court.

The plaintiff as administrator of one Peleg Rogers, at Spring Term, 1868, of the Court of Equity for Wake county filed a bill against the defendant for an account and settlement of a copartnership theretofore existing between the plaintiff's intestate and the defendant.

The defendant answered at the same term, and the suit was removed to the docket of the present Superior Court as provided in the Code of Civil Procedure.

It appears from the pleadings that the plaintiff's intestate and the defendant entered into a copartnership in 1858, for the purpose of carrying on a general mercantile business, each party furnishing an equal amount of the capital employed, and sharing equally the expenses and dividing the profits. This copartnership continued until Feburary, 1863, when it was terminated by the death of the plaintiff's intestate, leaving the defendant surviving partner, and in posession of the effects of the concern.

At Spring Term, 1869, it was referred to C. M. Busbee, Esq., commissioner, to state and report an account of the partnership dealings, which report was made to Fall Term, 1871.

The plaintiff excepted to the report of the commissioner, for allowing the defendant credit for certain cotton sold, the facts concerning which as reported by the commissioner and not denied, are

In April, 1863, the defendant, as surviving partner, sold a lot of cotton belonging to the partnership, at public auction; that the plaintiff as administrator of the deceased partner, gave his assent to the sale, was present and concurred in the terms, publicly announced before the sale commenced. The cotton was sold on six months' credit, the purchaser giving bond and security, with the understanding that when the

note fell due, such currency as was at that time in circulation would be received in payment of the same. The cotton was purchased by Calvin J. Rogers, on account of himself and partner; who was the defendant herein, and they executed the required note with Thomas R. Rogers, as surety. The note became due October 20, 1863, and was immediately discharged, amounting to $5,681.50, by payment to B. Y. Rogers, as surviving partner, the defendant to whom it was made payable when it was executed. The defendant then consulted counsel, and acting under their advice, on the 19th March, 1864, as surviving partner, funded the share of P. Rogers, deceased, the plaintiff's intestate, together with some other money due his estate from the partnership, amounting to some $3,000 and obtained a certificate for 4 per cent. registered bonds of the Confederate States for $3,000, and which certificate is filed with the report.

The commissioner allowed the claim to defendant.

At Spring Term, 1872, the plaintiff excepted to the report of the commissioner.

I. For that the commissioner has not charged the defendant with *the value* of the cotton belonging to the partnership sold in April, 1863, and purchased by another partnership of which the defendant was a member, or with the amount for which the said cotton sold, scaled as of April, 1863.

II. For that the defendant is credited with $2,840.75, scaled as of October, 1863, and interest, and that amount is deducted from the balance stated as due the plaintiff when in any event he should be credited with only half that sum. In other words, that credit if allowed at all, should be allowed as against the partnership, and not as against the estate of the plaintiff's intestate.

III. For that the defendant should not be credited with the said $2,840.75 at all or any part thereof.

At Spring Term, 1873, upon the hearing of the cause, his Honor held :

I. That the first exception of plaintiff to the report above set out, be and the same is sustained, and the defendant is to be charged with the value of the cotton sold, and interest as of the day of sale, the value to be ascertained according to the scale.

II. The third exception is sustained, as there has been no payment on account of the cotton sold by defendant to the plaintiff. The plaintiff has received nothing from the sale of the cotton.

III. The defendant is to be charged with the value of the cotton and interest thereon according to the scale, and upon the payment of the debts of the partnership of P. & B. Y. Rogers, defendant is to pay to plaintiff the proportion of the residue due to plaintiff by the terms of the partnership, the payment to be made in currency. The plaintiff is to recover costs.

From which judgment the defendant appealed.

*Fowle* and *Batchelor, Edwards & Batchelor*, for appellant.
*Battle & Son*, contra, submitted :

1. A surviving partner is held strictly as a trustee. Col. on Part. sec. 130. Like other trustees he cannot sell partnership property and buy it himself. Pars. on Part. (442).

2. When a trustee buys at his own sale even at a fair price, *cestui que trust* can treat the sale as a nullity; not because there is, but because there may be fraud. *Patton* v. *Thompson*, 1 Jones Eq. 285 ; *Elliott* v. *Pool*, 3 Jones Eq. 17.

3. No circumstances can justify a departure from the rule that a trustee must not be a purchaser at his own sale. *Gordon* v. *Finlay*, 3 Hawks 239. This doctrine was afterwards qualified to this extent: A trustee may buy and charge himself with his bid, and the *cestui que trust* may at

their election hold him bound by it or may repudiate the sale, and treat the property as still belonging to the trust fund. *Pitt* v. *Petway,* 12 Ired. 69.

4. In this case the administrator of the deceased partner assented to public sale and that current funds should be taken; but he did not assent to a sale to Calvin J. Rogers for the firm of C. J. and B. Y. Rogers, of which the defendant was a member. He assents now to the purchase by C. J. and B. Y. Rogers, so far only as to hold them responsible for the value of the cotton, ascertained by their bid in Confederate money, scaled as of the day of sale.

In any other view the estate of the deceased partner gets nothing from the sale, while the surviving partner (for himself and Calvin J. Rogers as partners,) has the value of cotton. This cannot be equity.

5. If, in fact the plaintiff assented to sale to Calvin J. and B. Y. Rogers, he must have done so with the understanding that the defendant was responsible for value of the cotton as ascertained that day by the bids. His silence could be interpreted as meaning only that the surviving partner should take the property, and be accountable to the partnership for its value. His refusal to take Confederate money when the note became due shows that his assent, if he did assent, meant nothing more.

The tender here was not of all the money, Confederate and other, which B. Y. Rogers, surviving partner owed, but only of that he owed on the cotton transaction. The administrator of deceased partner could upon no principle be required to have partial settlements. So the funding here was of only part of the Confederate money he owed the partnership.

SETTLE, J. The defendant and one Peleg Rogers entered intered into a mercantile partnership in 1858, by which they agreed to share equally the losses and profits of the

concern. In February, 1863, Peleg Rogers died, and during the month the plaintiff became his administrator.

At Spring Term, 1868, the plaintiff filed a bill for a settlement of the partnership, and at Spring Term, 1869, a commissioner was appointed to state the account of the defendant as surviving partner of the firm of P. & B. Y. Rogers. The case is now before us by appeal from the ruling of his Honor overruling the report of the commissioner. We do not concur either with the commmissioner or with his Honor.

The plaintiff seeks to charge the defendant with one-half of the value of a certain lot of cotton belonging to the firm at the death of the plaintiff's intestate. The facts necessary to a full understanding of the controversy are that the defendant in April, 1863, as surviving partner, sold a lot of cotton belonging to the partnership at public auction; that the plaintiff, administrator of Peleg Rogers, gave his consent and approbation to said sale as administrator, and was present at the same; that the terms announced publicly on the day of sale and concurred in by the administrator were a credit of six months, purchaser to give note, and such currency as should be in circulation when the note fell due would be received in payment of the same.

The cotton was purchased by one Calvin J. Rogers on account of himself and his partner, B. Y. Rogers, and they executed a note with security for the payment of amount bid. The note became due October 20, 1863, and was immediately discharged, amounting to $5,681.50, by payment to B. Y. Rogers as surviving partner, to whom it was made payable when executed.

The defendant immediately tendered one-half of said amount to the plaintiff, who refused to receive it. The defendant then consulted counsel, and acting under their advice, funded, as surviving partner, the share of P. Rogers, deceased, and obtained a certificate for four per cent. regis-

tered bonds of the Confederate States, which certificate he has filed with the papers in the suit.

The commissioner failed to charge the defendant with anything on account of the cotton, but his Honor held that he should be charged with the value of the cotton and interest from the day of sale; the value to be ascertained by applying the scale to the amount bid for the cotton.

The defendant received $5,681.50, the the full price of the cotton, for and on behalf of the partnership.

He seems to have acted in good faith, and in his settlement with the partnership he should be allowed, as a credit, the certificate for registered bonds of the Confederate States, but as he retained $2,840.75 of the cotton money he is clearly liable to account therefor to the partnership. In other words, he held the whole amount for the firm, and the firm lost that which was funded in Confederate bonds, and the firm is entitled to divide that which was not lost. But the scale as applied to contracts generally does not apply in this case. The defendant was acting in good faith in a fiduciary character, and is liable only for the value of the Confederate money at the time when it came into his hands.

There was error to the extent indicated.

Let this be certified.

PER CURIAM.                    Decree accordingly.